**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2014 SEP -9  P 12: 25

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| BMO HARRIS BANK N.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:14-CV-1187 (JCC/JFA) |
| ) | |
| THE TRULAND GROUP, INC., ) | |
| Serve: John P. Dedon, Registered Agent ) | |
| Odin, Feldman, & Pittleman, PC ) | |
| 1775 Wiehle Ave., Ste. 400 ) | |
| Reston, VA 20190 ) | |
| ) | |
| TRULAND SYSTEMS CORPORATION, ) | |
| Serve: John P. Dedon, Registered Agent ) | |
| Odin, Feldman, & Pittleman, PC ) | |
| 1775 Wiehle Ave., Ste. 400 ) | |
| Reston, VA 20190 ) | |
| ) | |
| PEL-BERN ELECTRIC CORPORATION, ) | |
| Serve: John P. Dedon, Registered Agent ) | |
| Odin, Feldman, & Pittleman, PC ) | |
| 1775 Wiehle Ave., Ste. 400 ) | |
| Reston, VA 20190 ) | |
| ) | |
| BLUMENTHAL KAHN ) | |
| TRULAND ELECTRIC, LLC, ) | |
| Serve: Eric Franklin Horvitz, ) | |
| Registered Agent ) | |
| 10417 Crossing Creek Rd. ) | |
| Potomac, MD 20854 ) | |
| ) | |
| TECH, INC., ) | |
| Serve: John P. Dedon, Registered Agent ) | |
| Odin, Feldman, & Pittleman, PC ) | |
| 1775 Wiehle Ave., Ste. 400 ) | |
| Reston, VA 20190 ) | |
| ) | |
| THE TRULAND GROUP ) | |
| OF COMPANIES, CORP., ) | |
| Corporation Service Company ) | |
| 2711 Center Rd, Suite 400 ) | |
| Wilmington, DE 19808 ) | |

|  |  |
|---|---|
| SNOWDEN RIVER CORPORATION, | ) |
| Serve: John P. Dedon, Registered Agent | ) |
| Odin, Feldman, & Pittleman, PC | ) |
| 1775 Wiehle Ave., Ste. 400 | ) |
| Reston, VA 20190 | ) |
| | ) |
| TRULAND SERVICE CORPORATION, | ) |
| Serve: John P. Dedon, Registered Agent | ) |
| Odin, Feldman, & Pittleman, PC | ) |
| 1775 Wiehle Ave., Ste. 400 | ) |
| Reston, VA 20190 | ) |
| | ) |
| TRULAND WALKER SEAL | ) |
| TRANSPORTATION, INC., | ) |
| Serve: John P. Dedon, Registered Agent | ) |
| Odin, Feldman, & Pittleman, PC | ) |
| 1775 Wiehle Ave., Ste. 400 | ) |
| Reston, VA 20190 | ) |
| | ) |
| NORTHSIDE TRULAND | ) |
| ELECTRIC, LLC. | ) |
| Serve: John P. Dedon, Registered Agent | ) |
| Odin, Feldman, & Pittleman, PC | ) |
| 1775 Wiehle Ave., Ste. 400 | ) |
| Reston, VA 20190 | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR APPOINTMENT OF RECEIVER BY CONSENT

COMES NOW BMO Harris Bank N.A. ("Plaintiff"), by counsel, and files this Complaint against the defendants The Truland Group, Inc., Truland Systems Corporation, Pel-Bern Electric Corporation, Blumenthal Kahn Truland Electric, LLC, Tech Inc., The Truland Group of Companies, Corp., Snowden River Corporation, Truland Service Corporation, Truland Walker Seal Transportation, Inc., and Northside Truland Electric, LLC (collectively referred to as the "Truland Entities" or "Defendants"), stating as follows:

1. Plaintiff is a national banking association with headquarters located in Chicago, Illinois.

2. Defendant The Truland Group, Inc. is a Virginia corporation with a principal place of business located in Fairfax County, Virginia.

3. Defendant Truland Systems Corporation is a District of Columbia corporation with a principal place of business located in Fairfax County, Virginia.

4. Defendant Pel-Bern Electric Corporation is a Maryland corporation with a principal place of business located in Fairfax County, Virginia.

5. Defendant Blumenthal Kahn Truland Electric, LLC is a Maryland limited liability company with a principal place of business located in Fairfax County, Virginia.

6. Defendant Tech Inc. is a Virginia corporation with a principal place of business located in Fairfax County, Virginia.

7. Defendant The Truland Group of Companies, Corp. is a Deleware corporation with a principal place of business located in Fairfax County, Virginia.

8. Defendant Snowden River Corporation is a Maryland corporation with a principal place of business located in Fairfax County, Virginia.

9. Defendant Truland Service Corporation is a Virginia corporation with a principal place of business located in Fairfax County, Virginia.

10. Defendant Truland Walker Seal Transportation, Inc. is a Virginia corporation with a principal place of business located in Fairfax County, Virginia.

11. Defendant Northside Truland Electric, LLC is a Virginia corporation with a principal place of business located in Fairfax County, Virginia.

## JURISDICTION / VENUE

12. For purposes of 28 U.S.C. § 1332(a), Plaintiff is a citizen of Illinois.

13. For purposes of 28 U.S.C. § 1332(a), Defendants are citizens of the Commonwealth of Virginia, the State of Maryland, the State of Delaware, or the District of Columbia. The Plaintiff is a citizen of a state in which no defendant is domiciled or has its principal place of business. The amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2) because the Defendants all have a principal place of business in Virginia and a substantial part of the events or omissions giving rise to the claim occurred, and a substantial part of property that is the subject of this action is situated, in Virginia.

## BACKGROUND

15. Plaintiff is administrative agent for certain lenders under a certain Credit Agreement dated as of July 30, 2012, as amended by that certain First Amendment to Credit Agreement dated as of March 1, 2013, and that certain Second Amendment to Credit Agreement and Release of Guarantor dated as of August 21, 2013 (as amended, the "Credit Agreement" - **Exhibit 1**). Plaintiff made a loan to The Truland Group, Inc. ("Loan"), which Loan is evidenced by the Credit Agreement and a certain Revolving Note dated as of July 30, 2012 ("Note" - **Exhibit 2**), and was guaranteed by the other nine Defendants pursuant to certain guaranty agreements contained in the Credit Agreement at pp. 85-88 thereof. Pursuant to the Loan, Plaintiff is a secured creditor of the Defendants in excess of $27 million secured by substantially all of the Defendants' assets, except for vehicles subject to motor vehicle titling laws and certain potential commercial tort claims, pursuant to a certain General Security Agreement dated as of July 30, 2012, as supplemented by a certain Supplement to Security Agreement dated May 28,

2014 (as amended, the "Security Agreement" - **Exhibit 3**), a certain Pledge Agreement dated as of July 30, 2012 ("Pledge Agreement" - **Exhibit 4**), and a certain Deposit Account Control Agreement dated as of July 30, 2012 ("Control Agreement" - **Exhibit 5**). Plaintiff perfected its security interests in the Defendants' personal property by way of filing certain UCC-1 Financing Statements in various jurisdictions ("Financing Statements" - **Exhibit 6**). The Financing Statements describe the collateral for the Loan as "All Assets and Personal Property of Debtor." The description of the collateral in the Security Agreement is on pp. 1-3 thereof (see Exhibit 3) and is as follows:

      (a) Accounts (including Health-Care-Insurance Receivables, if any):
      (b) Chattel Paper;
      (c) Instruments (including Promissory Notes);
      (d) Documents;
      (e) General Intangibles (including Payment Intangibles and Software, Patents, trademarks, tradestyles, copyrights, and all other intellectual property rights, including all applications, registration, and licenses therefor, and all goodwill of the business connected therewith or represented thereby);
      (f) Letter-of-Credit Rights;
      (g) Supporting Obligations;
      (h) Deposit Accounts;
      (i) Investment Property (including certificated and uncertificated Securities, Securities Accounts, Security Entitlements, Commodity Accounts, and Commodity Contracts);
      (j) Inventory;
      (k) Equipment (including all software, whether or not the same constitutes embedded software, used in the operation thereof):
      (l) Fixtures:
      (m) Commercial Tort Claims (as described on Schedule F hereto or on one or more supplements to this Agreement)[1],

---

[1] There were no Commercial Tort Claims specifically identified in the original Security Agreement; however, the following Commercial Tort Claim was identified in the Supplement to Security Agreement dated May 28, 2014:

    All of Debtor's right, title and interest in and to any and all tort claims arising out of, or related to, Debtor's work at the Utah Data Center, also known as the Intelligence Community Comprehensive National Cybersecurity Initiative Data Center in Bluffdale, Utah, including, without limitation, any tort claims against Balfour Beatty/DPR/Big-D, a Joint Venture, Ludvik Electric Co., Siemens Corporation, Codale Electric Supply, Inc., and Nedco Supply. Plaintiff does not have a lien on any other commercial tort claims such as director and officer claims.

      (n) Rights to merchandise and other Goods (including rights to returned or repossessed Goods and rights of stoppage in transit) which is represented by, arises from, or relates to any of the foregoing:

      (o) Monies, personal property, and interests in personal property of such Debtor of any kind or description now held by the Secured Party or at any time hereafter transferred or delivered to, or coming into the possession, custody, or control of, the Secured Party, or any agent or affiliate of the Secured Party, whether expressly as collateral security or for any other purpose (whether for safekeeping, custody, collection or otherwise), and all dividends and distributions on or other rights in connection with any such property;

      (p) Supporting evidence and documents relating to any of the above-described property, including, without limitation, computer programs, disks, tapes and related electronic data processing media, and all rights of such Debtor to retrieve the same from third parties, written applications, credit information, account cards, payment records, correspondence, delivery and installation certificates, invoice copies, delivery receipts, notes, and other evidences of indebtedness, insurance certificates and the like, together with all books of account, ledgers, and cabinets in which the same are reflected or maintained;

      (q) Accessions and additions to, and substitutions and replacements of, any and all of the foregoing; and

      (r) Proceeds and products of the foregoing, and all insurance of the foregoing and proceeds thereof.

(the "Collateral"). The Credit Agreement, Note, Security Agreement, Pledge Agreement, Control Agreement, Financing Statements, and all other related Loan documents are hereafter referred to as the "Loan Documents."

16. On July 23, 2014, Defendants each filed with the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division (the "Bankruptcy Court"), voluntary petitions for relief under chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code").

17. Klinette Kindred ("Trustee") was subsequently appointed chapter 7 trustee for each of the Defendants.

18. On or about September 4, 2014, the Bankruptcy Court entered an order lifting the automatic stay ("Stay Lift Order") as to each of the Defendants to allow the Plaintiff to exercise its rights under the Loan Documents and applicable law, including the commencement of this

case, and further authorized the Trustee to consent to the relief sought herein. A true and correct copy of the Stay Lift Order is attached hereto as **Exhibit 7**. The Trustee consents to the relief provided for herein. Additionally, sureties XL Specialty Insurance Company and Federal Insurance Company, which bonded many of the Defendants construction subcontracts, and which have also been granted relief from the stay, have by their counsel reviewed and approved the proposed form of consent order appointing receiver.

19. Defendants defaulted under the Loan Documents by, *inter alia*, i) filing voluntary Chapter 7 petitions, and ii) failing to make mandatory loan repayments required under the Loan Documents.

20. As of July 23, 2014, there was due and owing to Plaintiff from Defendants the total aggregate amount of not less than $27,543,938.18.

## COUNT ONE – Appointment of Receiver

21. Paragraphs 1 through 20 are restated and incorporated herein by reference.

22. Defendants are is in default under the terms of the Security Agreement. The Security Agreement grants a security interest to Plaintiff in and to all inventory, chattel paper, accounts, equipment and general intangibles of Defendants, as well as all products and proceeds thereof, to secure repayment of all indebtedness evidenced under the Note and other Loan Documents.

23. Under the terms of the Security Agreement, Plaintiff shall have, upon the event of a default, the right to take possession of all or any part of the collateral identified therein, with authority to apply proceeds of such collateral to the repayment of the indebtedness owed by Defendants to Plaintiff.

24. Appointment of a receiver is required to conserve and protect Plaintiff's interest in the collateral, up to, and to the extent of, the indebtedness evidenced by the Note and other Loan Documents as indicated hereinabove. As shown in the proposed consent order, the intent of the receivership is to be *in rem* with respect to the Plaintiff's collateral, and not for appointment of a receiver for the defendant entities.

25. Plaintiff seeks to have Raymond A. Yancey, President of R.A. Yancey & Associates, Inc. appointed as receiver to collect and preserve all collateral identified under the Loan Documents, and to apply the proceeds of same to the payment of the indebtedness owed by Defendants to Plaintiff, and to pay costs of administration of this case. Plaintiff believes, and therefore avers, that Mr. Yancey is highly qualified to serve as receiver. A true copy of Mr. Yancey's resume is attached as **Exhibit 8**, and is incorporated by reference.

26. Plaintiff consents to, and hereby requests, waiver of any requirement for the proposed receiver to post a bond.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court enter an order appointing Raymond A. Yancey, President of R.A. Yancey & Associates, Inc. as receiver to collect, preserve and apply all collateral granted to Plaintiff by Defendants under the Security Agreement and other Loan Documents related thereto and that Plaintiff have such other and further relief as this Court may deem just.

Respectfully submitted,
BMO HARRIS BANK N.A.
By counsel,

_____
Bruce W. Henry, VSB #23951
Kevin M. O'Donnell, VSB #30086
Jeffery T. Martin, Jr., VSB #71860
Henry & O'Donnell, P.C.
300 N. Washington Street, Suite 204
Alexandria, Virginia 22314
Telephone: 703-548-2100
Facsimile: 703-548-2105
bwh@henrylaw.com
Counsel for Plaintiff


CERTIFICATE OF SERVICE.

I hereby certify that on the 8th day of September, 2014, a true and correct copy of this pleading was served via hand delivery on Klinette Kindred, Chapter 7 Trustee.

_____
Bruce W. Henry, VSB #23951
Kevin M. O'Donnell, VSB #30086
Jeffery T. Martin, Jr., VSB #71860
Henry & O'Donnell, P.C.
300 N. Washington Street, Suite 204
Alexandria, Virginia 22314
Telephone: 703-548-2100
Facsimile: 703-548-2105
bwh@henrylaw.com
Counsel for Plaintiff