

FILED
SEP -9 2014

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| BMO HARRIS BANK N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:14-cv-1187 |
| | ) | |
| THE TRULAND GROUP, INC., | ) | |
| | ) | |
| TRULAND SYSTEMS CORPORATION, | ) | |
| | ) | |
| PEL-BERN ELECTRIC CORPORATION, | ) | |
| | ) | |
| BLUMENTHAL KAHN | ) | |
| TRULAND ELECTRIC, LLC, | ) | |
| | ) | |
| TECH, INC., | ) | |
| | ) | |
| THE TRULAND GROUP | ) | |
| OF COMPANIES, CORP., | ) | |
| | ) | |
| SNOWDEN RIVER CORPORATION, | ) | |
| | ) | |
| TRULAND SERVICE CORPORATION, | ) | |
| | ) | |
| TRULAND WALKER SEAL | ) | |
| TRANSPORTATION, INC., | ) | |
| | ) | |
| NORTHSIDE TRULAND | ) | |
| ELECTRIC, LLC. | ) | |
| | ) | |
| Defendants. | ) | |

## **CONSENT ORDER APPOINTING RECEIVER**

THIS MATTER comes before the Court upon the Complaint for Appointment of Receiver ("Complaint") and Plaintiffs' Motion to Appoint Receiver, and

IT APPEARING TO THE COURT that this Court has subject matter jurisdiction, personal jurisdiction over the Defendants, and that venue is proper, and

IT FURTHER APPEARING TO THE COURT that the defendants The Truland Group, Inc., Truland Systems Corporation, Pel-Bern Electric Corporation, Blumenthal Kahn Truland Electric, LLC, Tech Inc., The Truland Group of Companies, Corp., Snowden River Corporation, Truland Service Corporation, Truland Walker Seal Transportation, Inc., and Northside Truland Electric, LLC (collectively referred to as the "Truland Entities" or "Truland") are in default under the Note, Credit Agreement and Security Agreement as described in the Complaint, and it is necessary and proper that a receiver be appointed to take charge of all of Truland's property described as the "Collateral" in the Security Agreement attached as Exhibit 3 to the Complaint, to preserve such property and protect the interests of the Plaintiff and all other concerned parties, and

IT FURTHER APPEARING TO THE COURT that the Truland Entities filed with the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division (the "Bankruptcy Court"), voluntary petitions for relief under chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), and that Klinette Kindred ("Trustee") was subsequently appointed chapter 7 trustee for each of the Debtors, and

IT FURTHER APPEARING TO THE COURT that on or about September 2, 2014, the Bankruptcy Court entered an order lifting the automatic stay ("Stay Lift Order") as to each of the Truland Entities to allow the Plaintiff to exercise its rights under the Loan Documents and

applicable law, including the commencement of this case, and authorized the Trustee to consent to relief granted in this Order and that the Trustee consents to the relief provided for herein, THEREFORE

IT IS ORDERED:

1. Receiver and the receivership, which this Court is creating, is subject to, and shall be administered according to Federal Rule of Civil Procedure 66, 28 U.S.C. §§ 754, 959, and 1692, other relevant federal law, and this Order, and, in light of the exigent circumstances herein, the requirements of 28 U.S.C. 2001 and 2004 are hereby waived. That Raymond A. Yancey, be, and hereby is appointed receiver of this Court ("Receiver") to take charge of all the property of Truland described in the Stay Lift Order, a copy of which Order is attached hereto (the "Collateral"), exclusive of all property described in the first two paragraphs of page 4 of the Stay Lift Order (the "Excluded Assets"), it being the intention of this Order that the Receivership Property shall be identical to the property with respect to which the Bankruptcy lifted the stay in the Stay Lift Order (the Collateral, excluding the Excluded Assets shall be referred to as the "Receivership Property") to have and to hold the same as an officer of and under the orders and directions of this Court. Should any dispute arise regarding the scope of the Stay Lift Order or the Excluded Assets, the Bankruptcy Court shall have exclusive jurisdiction to resolve such disputes. Receiver is qualified to act as Receiver in this case, and shall have primary responsibility for this receivership. Receiver shall act in the exercise of his own independent sound business judgment, as he deems appropriate, subject to the terms of this order. Except as provided in the Stipulation and Consent Order Regarding Cash Collateral and Abandonment Motions entered by the Bankruptcy Court on August 26, 2014 ("Stipulation and Consent Order"), the Receiver is hereby fully authorized and directed to take immediate, complete and

exclusive control, custody, and possession of all the Receivership Property and to hold and dispose of the same in accordance with this Order and the further orders of this Court. Receiver shall faithfully and punctually manage the Receivership Property and any ancillary business affairs involving the Receivership Property using standard, customary and prudent business practices. Receiver shall be empowered to make day-to-day decisions in the management and operation of the Receivership Property, to promote the Receivership Property, and shall have the authority to take such other actions as are necessary, reasonable, and prudent to preserve, operate, manage and maximize the value of the Receivership Property. It is the intention that this Order be *in rem* as to the Receivership Property, and that the receivership granted hereunder is not with respect to the defendants themselves.

2. That Truland and all other persons, firms, corporations or other entities, whether or not claiming through or under Truland, who may be in possession of any of the Receivership Property, are hereby required and commanded to forthwith upon the demand of the Receiver, or his duly authorized agents, to turn over and deliver to the Receiver, or his duly authorized agents, all books of account, papers, deeds, contracts, bills, notes, stocks, bonds, accounts, money, machinery, equipment, merchandise or other property in his or their hands or under his or their control and related to the Receivership Property, and Truland, its agents, assigns and all other persons in possession, custody, or control of any of the Receivership Property, are hereby commanded to abide by and conform to such orders as may be given to him or them from time to time by the Receiver in or about and in respect of such of the Receivership Property. Notwithstanding the foregoing, the Stipulation and Consent Order shall continue to govern the rights of the Trustee, the Receiver and Plaintiff with respect to all servers, documents, data and other electronically stored information.

3.  That Truland and any and all other creditors of Truland and all persons whomsoever, whom are given notice of this Order, are hereby enjoined and restrained from interfering in any way with the possession, management or control of any part of the Receivership Property, or from interfering in any way to prevent the discharge of his duties by the Receiver under this Order or any other orders of this Court which may be entered herein; and all persons, firms, corporations or other entities, their agents and attorneys, whether creditors or claiming to be creditors, or having or claiming to have any rights, title or interest in or to any of the Receivership Property, are hereby enjoined and restrained from instituting or prosecuting or continuing the prosecution of any action at law or proceeding in equity against Truland in any court of law or equity, from executing or issuing, or causing the execution or issuance by any court of any writ, process, summons, attachment or any other proceeding for the purpose of taking possession of or interfering with any of the Receivership Property, and all persons, parties, firms and corporations, their agents, attorneys and servants are hereby enjoined and restrained from selling, removing, transferring, disposing of, or in any way interfering with any of the Receivership Property in the possession of any agent or representative of Truland or any person, firm or corporation. In addition, utilities are prohibited from discontinuing service to the business of Defendants under the supervision of the Receiver, provided that the Receiver has made adequate arrangements for the payment of utility services to be provided during the term of this receivership. Notwithstanding the foregoing, any creditor of Truland may give notice of its claim against the Receivership Property to the Receiver by filing an appropriate claim in this proceeding, and may file any appropriate pleadings regarding the Receivership Property in this Court. Further notwithstanding the foregoing, the Court is advised that the Bankruptcy Court has entered certain orders in the Bankruptcy Cases under which it reserved jurisdiction to resolve

certain claims or disputes therein described, and to the extent the Bankruptcy Court has reserved such jurisdiction, such claims or disputes shall be adjudicated in the first instance in the Bankruptcy Court, and such matters are hereby referred to the Bankruptcy Court under this Court's standing order of reference for bankruptcy matters. Notwithstanding such reference, any direct actions against the Receiver shall only be brought in this Court, except that the Trustee may (i) bring actions against the Receiver in the Bankruptcy Court to enforce the Bankruptcy Court's prior orders to which Plaintiff was a party, including without limitation, the Stay Lift Order and the Stipulation and Consent Order, (ii) may bring any other action against the Receiver in the Bankruptcy Court with respect to what constitutes the Excluded Assets, or actions for automatic stay violations or turnover actions with respect to the Excluded Assets, and (iii) may bring any action in the Bankruptcy Court against Receiver and/or Plaintiff to surcharge Plaintiff's Collateral under Sections 506(c) or 552 of the Bankruptcy Code or other basis.

4. That the Receiver is hereby fully authorized, until further order of this Court, to arrange for the preservation and collection of the Receivership Property and for such purpose the Receiver is hereby vested with full power in his discretion to employ and discharge and to compensate such attorneys, accountants, appraisers, auctioneers, managers and employees as he may deem appropriate for said purpose. Receiver may employ for specific purposes attorneys or consultants who have previously represented the Defendants, subject to their professional responsibilities and appropriate conflict waivers. Receiver shall have the authority to maintain or purchase insurance on the Receivership Property from any agent or carrier, of any type reasonably necessary. In addition, Receiver has authority to pay pre-receivership insurance premiums to maintain Defendants' insurance coverage if necessary.

5. Receiver shall be entitled to retain as employees or agents during this receivership such officers, employees, and representatives of Defendants as he deems appropriate in his judgment to maximize the value of the Receivership Property. Receiver and his agents shall collect all profits and revenues generated from the Receivership Property, and, shall pay all necessary expenses relating to the day-to-day business operations of the Defendants, if any, after the filing of this receivership and entry of this Order.

6. That the Receiver is hereby directed to deposit all funds coming into his hands as Receiver of this Court in this cause to his credit, as Receiver, in an interest-bearing deposit account which is fully covered by federal deposit insurance, or collateralized to the extent the amount deposited exceeds such insurance.

7. That the Receiver is hereby fully authorized and empowered to institute and prosecute all such claims, actions, suits, insurance matters and the like (except with respect to those claims, actions, suits, insurance matters and the like excluded by the Stay Lift Order) as may be necessary in his judgment for the proper protection of the Receivership Property, and likewise, to defend all claims, actions or suits as may be or may have been instituted against the Receivership Property or against him as Receiver of the Receivership Property, and to settle any of the said claims, actions, lawsuits, insurance matters and the like, and to execute such releases or waivers as may be necessary or appropriate to effect any of the same; and the Receiver is hereby authorized and directed to continue, conduct, manage and operate the Receivership Property until directed otherwise by further order of this Court, in such manner as will, in his judgment, best preserve the Receivership Property; and to that end the Receiver is hereby authorized to make and perform such contracts as Truland has customarily been engaged in with respect to the Receivership Property and to carry out and perform such contracts as Truland may have

remaining in whole or in part unperformed related to the Receivership Property, including, without limitation, endorsing joint checks and the like, and to purchase and sell, for cash or on credit, such merchandise, material, supplies and equipment as the Receiver may deem necessary or advisable to enable him to carry out such contracts and to operate, maintain and preserve the Receivership Property, to continue (or modify and abrogate, as he may deem advisable, subject to the further order of this Court), any and all existing contracts, agreements, arrangements and relations between Truland and other corporations, firms and individuals concerning or relating to the Receivership Property (except with respect to the Stay Lift Order, the Stipulation and Consent Order, and/or the Excluded Assets); and to preserve the Receivership Property in proper condition and repair so that it may be safely and advantageously used, and, by insurance or otherwise, to fully protect the same. The Receiver is also authorized to market and sell the Receivership Property, or any part thereof, if the Receiver deems such sale to be advantageous or prudent and the Receiver is hereby permitted to commence and consummate, without further order of the Court, judicial and non-judicial foreclosure proceedings against any of the Receivership Property, and is be authorized to list or otherwise advertise for sale and to sell the Receivership Property, or any portion thereof. Receiver shall not be liable for actions taken or decisions made in performing his duties under this Order that are based upon the exercise of reasonably prudent business judgment. Similarly, any professional or employee engaged by the Receiver in connection herewith shall not be liable for actions taken or decisions made by them in performing their duties relating to this Order so long as such actions and decisions are based upon the exercise of reasonably prudent business judgment. The Receiver shall not be obligated to contribute his personal funds in the performance of his duties hereunder; the Receivership is to

be conducted solely from the funds arising from the Receivership Estate. No obligation incurred by the Receiver shall be his personal obligation.

8. Plaintiff shall have no responsibility or liability for the actions taken or failed to be taken by Receiver hereunder. Further Plaintiff (a) shall not have any liability to any third party (including creditors of any Defendant), (b) shall not be deemed to be in control of the operations or liquidation of any Defendant and (c) shall not be deemed to be acting as a "responsible person" or "owner or operator" with respect to the operation or management of any Defendant or of Receiver. Notwithstanding the foregoing, nothing in this Order shall be deemed to affect the Trustee's right to seek a surcharge of the Plaintiff's Collateral under Sections 506(c) or 552 of the Bankruptcy Code or any other basis. Plaintiff shall have no duty to monitor Receiver's compliance with the terms hereof, including (a) the operation of Defendants' business and (b) the expenditure of the proceeds of the Receivership Property.

9. That the Receiver is hereby required to open proper books of account, and to preserve proper vouchers for all payments made by him, and to file reports from time to time with this Court of all receipts and disbursements. The Receiver shall cause a copy of this Order to be filed on the ECF system at the Bankruptcy Court in the *The Truland Group, Inc.* proceeding, Case No. 14-12766-BFK. The Receiver shall file, on a monthly basis on or before the 20th of each month, a report of receipts and disbursements in a format similar to a Monthly Operating Report for Chapter 11 cases under the guidelines established by the Office of U.S. Trustee.

10. Notwithstanding any other provision of this Order, the provisions of the Agreed Orders entered in the Bankruptcy Cases, e.g., Case No. 14-12767-BFK, Dkt. 169 ( the "XL/Federal Agreed Orders") granting stay relief to XL Specialty Insurance Company ("XL") and Federal Insurance Company ("Federal") and providing other relief with respect to the contracts for which

XL or Federal has issued payment and/or performance bonds ("the Bonded Contracts") and with respect to performance, payment, miscellaneous, and other bonds issued by XL and/or Federal ("the Bonds"), will not be affected by the appointment of the Receiver. Likewise, Zurich American Insurance Company and Fidelity & Deposit Company of Maryland (collectively Zurich) will shortly, or have recently, obtained entry of similar agreed orders granting relief from the stay (the "Zurich Agreed Orders"). The Zurich Agreed Orders shall receive the same treatment as the XL/Federal Agreed Orders as contained in the first sentence of this paragraph. (The XL/Federal Agreed Orders and the Zurich Agreed Orders shall be collectively referred to as the "Agreed Orders"). (XL, Federal and Zurich shall be collectively referred to as Sureties). With the exception of the contracts known as the Marriott Marquis contract ("Marriott Marquis") and the Utah Data Center contract ("UDC"), the Receiver will obtain no rights in or have any performance obligations with respect to any of the Bonded Contracts and Sureties except those in favor of the Plaintiff contained in the Agreed Orders and those in favor of the Trustee with respect to the payment of money or the delivery of property (except the Excluded Assets) to the Trustee, and the Sureties will not be subject to the injunctions set forth in this Order with respect to the Bonded Contracts and the Bonds. Sureties will provide to the Receiver any and all reports required to be provided to Plaintiff and/or the Trustee under the Agreed Orders.

11.  Any cash held by Plaintiff in the prepetition bank accounts held at Plaintiff bank in the name of Truland will not be disbursed and will be maintained by BMO Bank pending an order from the Bankruptcy Court as to the ownership of such funds.

12.  In the event the Receiver receives any contract balances or other payments arising out of or with respect to the Bonded Contracts, such funds will be segregated and will not be disbursed

without the consent of the surety (XL or Federal) that bonded the applicable Bonded Contract, or further order of the court.

13. The Receiver will provide information to XL regarding any and all outstanding litigation relating to the Marriott Marquis or UDC contracts. Any counsel representing the Receiver with respect to such contracts will provide status reports regarding the progress of any litigation, arbitration, and other proceedings to XL on an "as reasonably requested" by XL basis. XL will have the right to tender to the Receiver the right to prosecute XL's claims and defend claims against XL related to the Marriott Marquis and UDC contracts; provided, however, that XL will retain the right to revoke any such tender in XL's discretion.

14. The Receiver will provide a monthly accounting by contract to XL of all receipts and disbursements made with regard to the Marriott Marquis and UDC contracts. Such accounting may be made within the monthly reports to be filed with this Court under this Order so long as the reports segregate the activity for these two contracts. Contract balances and other payments received by the Receiver with respect to the UDC and the Marriott Marquis contracts will first be utilized to satisfy valid payments due and owing to subcontractors, suppliers, and laborers, with the consent and/or at the direction of XL, or upon further order of the court.

15. That the Receiver shall be at liberty from time to time to make application to the Court for such further orders or directions as the Receiver may deem necessary or proper. Plaintiff may petition this Court for any such additional protection as may be reasonably required with respect to the Receivership Property or otherwise. However neither receiver, nor Plaintiff shall request that this Court issue any order affecting or limiting the Stay Lift Order, the Stipulation and Consent Order, or any other order of the Bankruptcy Court to which Plaintiff is a party.

Receiver shall furnish such information concerning Receiver's administration of the Receivership Property as is reasonably requested by Plaintiff.

16. That, in view of the Plaintiff's request, bond is waived.

17. The terms of this Order shall continue in full force and effect unless and until further order of this Court.

ENTERED this _____ day of September, 2014

/s/
James C. Cacheris
United States District Judge

United States District Judge

WE ASK FOR THIS:

/s/ Bruce W. Henry
Bruce W. Henry, VSB #23951
Henry & O'Donnell, P.C.
300 N. Washington Street, Suite 204
Alexandria, Virginia 22314
Telephone: 703-548-2100
Facsimile: 703-548-2105
bwh@henrylaw.com
Counsel for Plaintiff

SEEN AND AGREED:

/s/ Dylan G. Trache
H. Jason Gold, VSB #19117
Dylan G. Trache, VSB #45939
WILEY REIN LLP
7925 Jones Branch Drive, Suite 6200
McLean, Virginia 22102
703-905-2829
Counsel for the Chapter 7 Trustee Klinette Kindred

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the aforesaid document was served with the complaint via email and first class mail on September ___, 2014 to:

           /s/Bruce W. Henry
           Bruce W. Henry