# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| TRULAND GROUP, INC., *et al.*, | ) | Case No. 14-12766-BFK |
| | ) | |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |
| | ) | |
| BMO HARRIS BANK, N.A., | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TRULAND GROUP, INC., *et al.* | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

**CONSENT ORDER GRANTING
EMERGENCY MOTION FOR RELIEF FROM STAY**

THIS MATTER comes before the Court upon the Emergency Motion for Relief from the Automatic Stay (the "Motion") as to BMO Harris Bank, N.A. ("Movant") with respect to certain personal property owned by the Debtors identified above; and

WHEREAS, the Movant has asserted a lien in the Collateral defined below; and

WHEREAS, Klinette H. Kindred, the chapter 7 trustee of the Debtors' bankruptcy estates ("Trustee"), after conducting substantial due diligence, review and evaluation of the Collateral, has determined that the Collateral is burdensome to and/or of inconsequential value to the Debtors' bankruptcy estates; and

WHEREAS, the Trustee in the exercise of her business judgment has agreed to consent to the relief requested in the Motion as modified herein.

IT APPEARING that notice of the Motion was given in accordance with Bankruptcy Rule 4001(a); and

IT FURTHER APPEARING that Movant and the Trustee consent to the relief herein, as evidenced by the endorsements of their counsel below; and

IT FURTHER APPEARING that good cause exists for entering this Consent Order, it is:

ORDERED, that the Motion is hereby GRANTED as set forth herein; and it is further

ORDERED, that, except as otherwise provided herein, the automatic stay of 11 U.S.C. § 362 is hereby terminated in the above-captioned bankruptcy cases as to the Movant and all of the following personal property owned by the Debtors:

    (a)    Accounts (including Health-Care-Insurance Receivables, if any);
    (b)    Chattel Paper;
    (c)    Instruments (including Promissory Notes to the extent properly perfected);
    (d)    Documents (subject to the Stipulation and Consent Order Regarding Cash Collateral and Abandonment Motions);
    (e)    General Intangibles (including Payment Intangibles and Software, Patents, trademarks, tradestyles, unregistered copyrights, and all other intellectual property rights, including all applications, registration, and licenses therefor, and all goodwill of the business connected therewith or represented thereby);
    (f)    Letter-of-Credit Rights to the extent perfected by a duly authorized control agreement;
    (g)    Supporting Obligations;
    (h)    Deposit Accounts to the extent perfected by a duly authorized deposit control agreement or subject to setoff or recoupment rights of Movant;
    (i)    Investment Property (including certificated and uncertificated Securities, Securities Accounts, Security Entitlements, Commodity Accounts, and Commodity Contracts);
    (j)    Inventory;
    (k)    Equipment (including all owned software, whether or not the same constitutes embedded software, used in the operation thereof);
    (l)    Fixtures;
    (m)    Commercial Tort Claims related to the Utah Data Center;[1]
    (n)    Rights to merchandise and other Goods (including rights to returned or repossessed Goods and rights of stoppage in transit but <u>excluding</u> any automobiles or other

---

[1] All of Debtors' right, title and interest in and to any and all tort claims arising out of, or related to, Debtors' work at the Utah Data Center, also known as the Intelligence Community Comprehensive National Cybersecurity Initiative Data Center in Bluffdale, Utah, including, without limitation, any tort claims against Balfour Beatty/DPR/Big-D, a Joint Venture, Ludvik Electric Co., Siemens Corporation, Codale Electric Supply, Inc., and Nedco Supply, but not including any claim against any of the Debtors' officers, directors, agents or employees.

goods covered by a certificate of title issued by a motor vehicle department) which is represented by, arises from, or relates to any of the foregoing;

(o) Monies, personal property, and interests in personal property of such Debtor of any kind or description now held by the Secured Party or at any time hereafter transferred or delivered to, or coming into the possession, custody, or control of, the Secured Party, or any agent or affiliate of the Secured Party, whether expressly as collateral security or for any other purpose (whether for safekeeping, custody, collection or otherwise), and all dividends and distributions on or other rights in connection with any such property;

(p) Supporting evidence and documents relating to any of the above-described property, including, without limitation, computer programs, disks, tapes and related electronic data processing media, and all rights of such Debtor to retrieve the same from third parties, written applications, credit information, account cards, payment records, correspondence, delivery and installation certificates, invoice copies, delivery receipts, notes, and other evidences of indebtedness, insurance certificates and the like, together with all books of account, ledgers, and cabinets in which the same are reflected or maintained (collectively, the "Data") (subject to the Stipulation and Consent Order Regarding Cash Collateral and Abandonment Motions);

(q) Accessions and additions to, and substitutions and replacements of, any and all of the foregoing; and

(r) Proceeds and products of the foregoing, and all insurance of the foregoing and proceeds thereof.

(the "Collateral"); and it is further

ORDERED, that the Movant shall be immediately entitled to exercise and enforce all of its rights and remedies under the Loan Documents (as defined in the Motion) and applicable law with respect to the Collateral, including, without limitation, seeking the appointment of a receiver to administer all or part of the Collateral pursuant to the terms of this Order, the Loan Documents and applicable state law and applying the proceeds arising from the sale of the Collateral to reduce the indebtedness that is owed by the Debtors to the Movant under the Loan Documents, and the Trustee is authorized to consent to appointment of any such receiver requested by Movant with respect to the Collateral; and it is further

ORDERED, that the Trustee shall be authorized to appear and be heard in any receivership proceeding initiated by Movant; and it is further

ORDERED that, notwithstanding anything herein to the contrary, the stay is not terminated with respect to the Debtors' motor vehicles and other goods covered by a certificate of title issued by a motor vehicle department, any commercial tort claims other than those expressly provided for herein, any deposit accounts in which Movant does not hold a duly authorized deposit control agreement or rights of setoff or recoupment; and it is further

ORDERED, that, notwithstanding anything herein to the contrary, the stay is not terminated with respect to any of the Debtors' insurance policies covering motor vehicles and other goods covered by a certificate of title issued by a motor vehicle department, management liability (including directors & officers, fiduciary liability and commercial crime), lead umbrella and excess umbrella; the Movant shall only be permitted to exercise and enforce its rights against the Debtors' other insurance policies not identified in this paragraph with respect to claims arising out of the Movant's Collateral; and it is further

ORDERED, that Interim Order Authorizing Chapter 7 Trustee to: (A) Use Cash Collateral on an Emergency Basis Pending a Final Hearing; (B) Grant Adequate Protection and Provide Security and Other Relief to BMO Harris Bank N.A. as Agent, and the Lenders; (C) Operate the Debtors' Business on a Limited Basis; (D) Continue to Use Existing Cash Management System and Implement Certain Changes to Cash Management System; (E) Pay Certain Prepetition Wages and (F) Scheduling a Final Hearing ("Interim Cash Collateral Order") and any Final Cash Collateral Order shall govern the Trustee's use of cash collateral and the carveout for estate professionals, and nothing in this Order or any receivership order shall require the Trustee to return or remit any funds in any bank account of the Trustee to Movant; and it is further

ORDERED, that the Stipulation and Consent Order Regarding Cash Collateral and Abandonment Motions shall continue to govern the parties' respective rights to servers, documents, Data and other electronically stored information; and it is further

ORDERED, that nothing in this Order shall impact the Trustee's right to obtain documents, Data or other electronically stored information from any third party; and it is further

ORDERED, that this Order shall be effective immediately and not subject to the stay mandated by Federal Rule of Bankruptcy Procedure 4001(a)(3); and it is further

ORDERED, that this Court shall retain exclusive jurisdiction to enforce the terms of this Order, including without limitation, any disputes between Movant, Receiver and the Trustee arising regarding the scope of Movant's Collateral or the extent and priority of Movant's liens; and it is further

ORDERED that the rights of V Beltway Associates, LLC and Walker Family Limited Partnership under Virginia law, including, without limitation, such parties rights to assert their statutory landlord lien rights, are expressly preserved; and it is further

ORDERED that this Order is without prejudice to any of Clune Construction Company's or any of the Debtors' suppliers' contractual, setoff, recoupment, or other rights with respect to any accounts for which any of the Debtors may assert a claim against Clune Construction Company, and any other claim that any of the Debtors may assert against Clune Construction Company, and all such rights are expressly preserved; and it is further

ORDERED, that upon entry the Clerk of the Court shall forward copies of this Order to the following:

    Klinette H. Kindred, Chapter 7 Trustee
    Tyler, Bartl, Ramsdell and Counts
    300 N. Washington Street, Suite 202
    Alexandria, VA 22314

Bruce W. Henry, Esquire
Henry & O'Donnell, P.C.
300 North Washington Street, Suite 204
Alexandria, VA 22314

H. Jason Gold
Dylan G. Trache
WILEY REIN LLP
7925 Jones Branch Drive, Suite 6200
McLean, Virginia 22102

Sep 4 2014
ENTERED _____, 2014.

/s/ Brian F. Kenney
_____
Brian F. Kenney
United States Bankruptcy Judge

eod 9/4/2014

I ASK FOR THIS:

/s/ Bruce W. Henry
_____
Bruce W. Henry, VSB #23951
Jeffery T. Martin, Jr. (VSB #71860)
Henry & O'Donnell, P.C.
300 N. Washington Street, Suite 204
Alexandria, VA 22314
Telephone: (703) 548-2100
Facsimile: (703) 548-2105

SEEN AND AGREED:

/s/ Dylan G. Trache
H. Jason Gold, VSB #19117
Dylan G. Trache, VSB #45939
WILEY REIN LLP
7925 Jones Branch Drive, Suite 6200
McLean, Virginia 22102
703-905-2829
Counsel for the Chapter 7 Trustee

SEEN AND OBJECTION WITHDRAWN:

/s/ R. Timothy Bryan
R. Timothy Bryan, VSB #50931
Duane Morris LLP
111 S. Calvert St.
Suite 2000
Baltimore, MD 21202
Counsel for Clune Construction Company

SEEN AND OBJECTION WITHDRAWN:

/s/ R. Timothy Bryan
R. Timothy Bryan, VSB #50931
Duane Morris LLP
111 S. Calvert St.
Suite 2000
Baltimore, MD 21202
Counsel for XL Specialty Insurance Company

/s/ Michael E. Collins
Michael E. Collins, *pro hac vice*
Manier & Herod, P.C.
150 Fourth Avenue, North, Suite 2200
Nashville, TN 37219
615-742-9350
Counsel for XL Specialty Insurance Company

SEEN AND OBJECTION WITHDRAWN:

/s/ Leon Koutsouftikis
Leon Koutsouftikis, VSB #44262
Magruder, Cook & Koutsouftikis
1889 Preston White Drive, Suite 200
Reston, Virginia 20191
703-766-4400
Counsel for V-Beltway Associates, LLC

SEEN AND OBJECTION WITHDRAWN:

/s/ Lawrence A. Daughtery
Lawrence A. Daughtery, VSB #19670
Kelly & Daughtery
10605 Judicial Drive, Suite A-3
Fairfax, Virginia 22030
Counsel for Walker Family Limited Partnership

### CERTFICATE OF ENDORSEMENT AND MAILING

I certify that the foregoing Order has been endorsed by or mailed to all necessary parties.

/s/ Bruce W. Henry
Bruce W. Henry