UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| BMO HARRIS BANK N.A., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:14-CV-1187 |
| | ) | |
| THE TRULAND GROUP, INC., | ) | |
| | ) | |
| TRULAND SYSTEM CORPORATION, | ) | |
| | ) | |
| PEL-BERN ELECTRIC CORPORATION, | ) | |
| | ) | |
| BLUMENTHAL KAHN | ) | |
| TRULAND ELECTRIC, LLC, | ) | |
| | ) | |
| TECH, INC., | ) | |
| | ) | |
| THE TRULAND GROUP | ) | |
| OF COMPANIES, CORP., | ) | |
| | ) | |
| SNOWDEN RIVER CORPORATION, | ) | |
| | ) | |
| TRULAND SERVICE CORPORATION, | ) | |
| | ) | |
| TRULAND WALKER SEAL | ) | |
| TRANSPORTATION, INC., | ) | |
| | ) | |
| NORTHSIDE TRULAND | ) | |
| ELECTRIC, LLC, | ) | |
| | ) | |
| *Defendants.* | ) | |

## ORDER APPROVING
## TERMINATION OF RECEIVERSHIP AND RELATED RELIEF

Upon consideration of Receiver's Final Report and Accounting and Motion to Terminate Receivership (the "Motion") and the contemporaneously filed Memorandum of Law in Support

of Receiver's Final Report and Accounting and motion to Terminate Receivership (the "Memorandum"),[1] and the Court finding good cause for the requested relief;

IT IS ORDERED THAT:

1. The Receiver's Motion is hereby **GRANTED** in its entirety;

2. The Receiver's Final Report is hereby approved, and all actions and activities taken by or on behalf of the Receiver and all payments made by the Receiver in connection with the administration of the receivership estate are hereby approved and confirmed.

3. The Receiver is authorized to distribute all proceeds of the Receivership Estate to BMO, less the Wind Down Amount (the "Bank Distribution") within three (3) business days of the Order becoming final and non-appealable (the "Final Order").

4. The Receiver is directed to distribute to BMO any additional amounts from the Wind Down Amount not otherwise used by the Receiver to pay the costs and expenses of the Receivership Estate in the ordinary course of the wind-down within sixty (60) days following entry of the Final Order (the "Final Distribution").

5. All receivership administrative expenses incurred in this receivership proceeding, including without limitation the Receiver's fees and expenses, are hereby approved.

6. The Additional Fee in the amount of $100,000 is approved and authorized to be paid to the Receiver from the Receivership Estate. The Additional Fee will be paid from the proceeds of the receivership estate immediately prior to the Bank Distribution.

7. The Receiver, his agents, attorneys, independent contractors, current and former officers, directors, managers, employees, spouses, heirs, attorneys, accountants, and agents (the "Released Parties") are released from any and all causes of action, claims, demands, damages,

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Memorandum in Support.

debts, liabilities, accounts, obligations, costs, and expenses which may have been brought against them for matters arising from their involvement in any way in the Receivership (except to the extent that the Released Parties' conduct constitutes fraud, willful misconduct or gross negligence), including without limitation claims (a) concerning or related to the Receiver's settlement with or abandonment of assets with any and all claimants or creditors; (b) concerning or related to the Receiver's activities and/or decisions undertaken during the pendency of the Receivership; and (c) concerning or related to any individual or entity with any interest whatsoever to the monies or assets recovered and distributed by the Receiver. The Bank is currently not aware of any action by the Receiver or the Released Parties that would constitute fraud, willful misconduct or gross negligence.

8. Following the Final Distribution, the Receiver and the Released Parties are discharged and are no longer liable in any way in connection with the administration of the receivership or the Receivership Estate; and are relieved of all duties and responsibilities pertaining to the receivership previously established in this action.

9. This receivership proceeding shall be and is hereby CLOSED.

Dated: 5/18/18

/s/
T. S. Ellis, III
United States District Judge